JOHN H. DEVLIN *vs.* J. ELLIS WHITE, City Treasurer.

PROVIDENCE—MAY 10, 1905.

PRESENT: Douglas, C. J., Dubois and Johnson, JJ.

(1)  *Public Officers.   Tenure of Office.   Term of Office Fixed by Law.*

The term of a legislative body which expires by law at a certain hour can not be extended beyond that hour, although members of the body hold their offices until their successors are qualified.

Where the term of a board of aldermen expires at a time fixed by law, but the members hold their offices until their successors are qualified, after the expiration of such time, if a meeting of the board had been convened, the members of the old board could retain their places until their successors appeared and qualified, but they would be sitting as the new and not as the old board.

(2)  *Public Officers.   Limitation of Powers.   Public Acts.*

Where the term of office of public officers is limited by law, any person dealing with the municipality is presumed to know the limitations of the powers of such officers.

DEBT.   Heard on demurrer to pleas, and demurrer overruled.

DOUGLAS, C. J.   This is an action of debt brought by John H. Devlin, of Pawtucket, against J. Ellis White, city treasurer of said Pawtucket.

The declaration alleges that on November 20th, A. D. 1901, the board of aldermen of Pawtucket, acting under the provisions of chapter 71 of the General Laws of Rhode Island, appointed a commission of three disinterested persons to relay, widen, straighten, etc., Vernon street, a public highway in said Pawtucket.

Said commissioners duly qualified, proceeded to perform their duties as such commissioners, and on December 11th, A. D. 1901, presented a report of their doings to the board of aldermen of said Pawtucket.

In pursuance of their duties under said chapter 71 of the General Laws of Rhode Island, the said commissioners agreed with the said plaintiff to pay him twenty-seven hundred ($2,700.00) dollars for damages for the loss of 1,300 square feet of land which it was necessary to take in the widening and

straightening of said Vernon street; this agreement and recommendation were incorporated in the report of said commissioners.

Said report was read at said meeting of the board of aldermen, December 11th, 1901, and further action thereon continued until December 16th, 1901, and on December 16, 1901, further continued until January 6th, 1902.

January 6th, 1902, said report and agreement with the plaintiff were taken up by said board of aldermen, and a resolution receiving and approving said report and agreement and establishing said highway as widened, etc., was passed.

The defendant filed a plea setting forth the record of the meeting of the board of aldermen of said Pawtucket for January 6th, 1902, which said plea in substance is as follows:

That said January 6th, 1902, at 10 o'clock was the day fixed by the charter of Pawtucket for the inauguration of the new city government.

That the old board of aldermen met at 9 o'clock on said day, with Mayor Fitzgerald in the chair, and proceeded to transact business.

At 10 o'clock the said mayor informed the members of said board that the time had come for the inauguration of the new city government and ordered the clerk to call the roll, but did not instruct him to swear in the new members. He then declared the meeting adjourned and left the room.

That thereupon the president of the board of aldermen took the chair and the board proceeded to dispose of certain unfinished business and adjourned at 10:30 A. M. on said day.

That said resolution confirming the report and agreement of said commissioners was passed after 10 o'clock on said day, but before 11 o'clock and before the new city government had been inaugurated.

To this plea the plaintiff demurred on the following grounds:

1. That it does not appear in said plea that the mayor had any authority to declare the meeting adjourned.

2. That it does not appear in said plea that said meeting was legally adjourned before the passage of the resolution approving the report of the commissioners.

3. That it appears in and by said plea that the resolution approving the report of the commissioners was passed at a meeting called and commenced before the time fixed for the inauguration of the new city government of the city of Pawtucket.

4. It appears in and by said plea that the resolution approving the report of the commissioners was passed before the inauguration of the new board of aldermen of the city of Pawtucket.

(1) The case is ruled by the opinion in *Fitzgerald* v. *Pawtucket*, 24 R. I. 201, where it is held that the term of a legislative body which expires by law at a certain hour, can not be extended beyond that hour, though members of the body hold their offices until their successors are severally qualified.

The board of 1901 ceased to exist at 10 o'clock on January 6, 1902, though no members of the board of 1902 had then qualified. If a meeting of the board of 1902 had been convened, the members of the old board could have retained their places until their successors appeared, but they would be sitting as the board of 1902, not as the board of 1901.

It follows that the resolution was not legally passed.

It is argued that the old board were a *de facto* body, and hence their legislative acts should be held valid.

(2) We think the principle of law which assumes the validity of the acts of *de facto* officers has no application here, inasmuch as the charter of the city of Pawtucket, which is a public act, limits the term of the board of aldermen. Any person dealing with the city is presumed to know the provisions of the charter and the limitations of the powers of the city officers. *Dube* v. *Peck*, 22 R. I. 443, 451, and cases cited.

The demurrer is overruled, and the defendant's plea sustained.

The case is remitted to the Common Pleas Division, with direction to enter judgment for the defendant.

*Edward D. Bassett*, for plaintiff.

*Edward W. Blodgett*, for defendant.